IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NIGEL TAHJEE REDDING,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 25-CV-2947** |
| : | |
| **LINDEN STREET** : | |
| **COMMONS OP LP,** : | |
|     **Defendant.** : | |

### MEMORANDUM

**SCHMEHL, J.**                                                                                                                **JULY 11, 2025**

Currently before the Court are an Application to Proceed *In Forma Pauperis* (ECF No. 6), Amended Complaint (ECF No. 9), and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 12) filed by *pro se* Plaintiff Nigel Tahjee Redding, as well as a Motion to Dismiss filed by Defendants Linden Street Commons OP LP and Jeanmarie Wolf, Esq. (ECF No. 13). For the following reasons, the Court will grant Redding *in forma pauperis* status, deny his Motion for injunctive relief, dismiss his Amended Complaint with prejudice, and deny the Defendants' Motion to Dismiss as moot.

### I.    FACTUAL ALLEGATIONS[1]

Redding seeks a stay of an ongoing state court landlord-tenant matter. (ECF No. 12 at 1-2.) The state court docket in the landlord-tenant matter indicates that judgment was entered against Redding on May 28, 2025, and an Order of Possession was issued to Linden Street

---

[1] The facts set forth in this Memorandum are taken from the Amended Complaint and the Motion for Temporary Restraining Order and Preliminary Injunction. (ECF Nos. 9, 12.) The Court also takes judicial notice of the docket for the lawsuit underlying Redding's claims. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Commons OP LP on July 8, 2025. *See Linden Street Commons OP LP v. Redding*, MJ-31201-LT-0000369-2025 (Lehigh Mag. Dist. Ct.). Though his Amended Complaint does not appear to contain any facts about the landlord-tenant case, construing his filings liberally, Redding indicates that his landlord has failed to honor a "promissory note" from his "private ecclesiastical trust," which he appears to claim should satisfy his rent arrears. (*See* Am. Compl. at 3-4, 11; ECF No. 12 at 1-2.) Redding requests that this Court issue an emergency stay of the eviction and award him money damages. (Am. Compl. at 4.) Although the Defendants have not yet been served in accordance with Federal Rule of Civil Procedure 4, they filed a Motion to Dismiss. (ECF No. 12.)

II.     **STANDARD OF REVIEW**

The Court grants Redding leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). This requires the Court to remain flexible, especially considering a litigant's *pro se* status. *Id.* The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.; see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it by name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III.   DISCUSSION

While Redding has not clearly articulated a basis for his claims, it is clear from his request for relief that he seeks an injunction staying the actions of the state court in the landlord-tenant matter. (*See* Am. Compl. at 4.) The Anti-Injunction Act, 28 U.S.C. § 2283, "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). "The Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically

3

defined exceptions,'" which are to be construed narrowly.[2] *Id.* (quoting *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)).

Courts in the Third Circuit have consistently held that "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *2 (E.D. Pa. Oct. 21, 2020) (rejecting emergency request to enjoin eviction proceedings and noting weight of authority in Third Circuit to support holding); *Rhett v. Div. of Hous., Dep't of Cmty. Affairs*, No. 14-5055, 2014 WL 7051787, at *3 n.2 (D.N.J. Dec. 12, 2014) ("[T]o the extent Plaintiff requests that this Court dismiss the eviction proceedings or order them transferred to this Court, the Anti–Injunction Act prohibits this Court from taking such action."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). To the extent that Redding seeks to enjoin an ongoing state-court eviction action, his claims are barred by the Anti-Injunction Act.

To the extent that Redding seeks money damages, he has not stated a claim to relief. Redding attempts to lodge constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Redding's landlord is

---

[2] The exceptions permit injunctions to have the effect of staying state court proceedings when: (1) expressly authorized by Congress; (2) where necessary in aid of its jurisdiction; and (3) to protect or effectuate its judgments. *In re Prudential Ins. Co.*, 314 F.3d at 103. Redding's filing does not establish a plausible basis for concluding that any of those exceptions apply here.

not a state actor simply because it used the courts to secure foreclosure against him. *See Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989) ("[T]he fact that a state permits the use of foreclosure procedures and subsequent sheriff sales as the execution of a judgment is not sufficient to constitute state action")); *see also Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (stating that to find state action there must be "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself"). Defendant Wolf, an attorney representing a private party in litigation, is also not a state actor subject to liability under § 1983. *Mosley v. Starbuck Corp.*, No. 23-4000, 2023 WL 7285371, at *4 (E.D. Pa. Nov. 3, 2023), *aff'd sub nom. Mosley v. Starbucks Corp.*, No. 23-3095, 2024 WL 2103313 (3d Cir. May 10, 2024) (citing *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.")). [3]

Because the Court cannot grant Redding's requested injunctive relief, Redding has not sued a proper defendant under § 1983, and no other non-frivolous claim for relief appears in the Amended Complaint, Redding's case must be dismissed.

---

[3] Moreover, these damages claims appear largely based on Redding's purported "trust." As the Court previously explained to Redding, "legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Redding leave to proceed *in forma pauperis*, deny his Motion for injunctive relief, and dismiss his Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Leave to amend will not be given, as amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Because the Court will dismiss this case on statutory screening, the Defendants' Motion to Dismiss has not been considered in the screening decision and will be denied as moot. An appropriate Order follows dismissing this case.

BY THE COURT:

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**
